Battle, J.
 

 There can he no doubt that the title of the defendant Hoard’s intestate, to the principal tract of land sold to the plaintiff, was, at the time of the sale, and still is, defective. That tract was devised by Henry Beeker, the father of the intestate Philip, to his, Philip’s heirs, by the name of Beeker. This was a good devise to his children of that name, though he was living at the time, and took no interest in it. Ward v. Stowe, 2 Dev. Eq, 509.
 

 There was, then, an entire failure of the consideration for the money paid, and the notes given, for that tract of land. No fair pretence can he made, that the plaintiff was acquainted with the state of the title, and intended to purchase the mere chance of getting a good one. The full price, which he agreed to pay for the land, as well as the bond given by Philip Beeker, to make or cause to be made to him a good and “ lawful warrantee deed ” for it, upon payment of the purchase money, is directly opposed to such a supposition. The plaintiff is then clearly entitled to relief, if there he no defect in the frame of this hill.
 

 
 *127
 
 It is said in the argument here, that there is a fatal defect in it, to wit: that it sets out a different title which the intestate was hound to make upon the payment of the purchase money for the land, from that which is mentioned in the bond. It is insisted, that the hill alleges that the intestate was to execute a deed containing a covenant of seisin, while the bond exhibited in evidence shows that the deed was to have a covenant for quiet enjoyment only.-Henee, it is contended, that there is a substantial variance between the allegation and the proof, and that consequently the bill must fail. If the premises be correct, the conclusion is
 
 legitimate;
 
 but are they correct
 
 ?'
 
 We understand the statement of the bill to be different from what is assumed by the counsel. ■ The statement is-, that the'intestate bound himself in an obligation to make “ a good and sure title in fee simple,” and.it then refers to the bond, and prays that it may be taken as a part of the bill. If it be admitted that “a good and sure title in fee simple” is different from “a good and lawful warrantee deed to the plaintiff or his heirs,”" the more extended sense of the first expression is restricted, by the reference to the bond which immediately follows. The apparent repugnancy between the allegation and the proof thus vanishes. But it is said further, that the bill ought to state the price as specified in the bond for title. It does so, so far as we cam infer any statement of the price in the bond, and that is half the penalty therein mentioned. The bill states, (and in that it is sustained by the proofs and by the answer of John Beeker,) that the plaintiff was to pay eight hundred dollars for the two tracts, to wit :■ six hundred for the larger, and two hundred for the smaller.
 

 Of this sum, he paid three hundred and fifty dollars in cash, and gave his notes for the residue. No difficulty has arisen as to- the smaller tract, but for the money and notes given for the other, the plaintiff is entitled to relief. That relief is to have his bonds, in the hands of the
 
 *128
 
 defendant Foard, as administrator, surrendered up, and to have an account of the assets in the ’■ aids of the said ad ministrator, to ascertain whether there he sufficient to satisfy his claim for the money paid, after do- dieting the price of the small tract.
 

 Decree accordingly.